**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Crockett,<br><br>            Plaintiff,<br><br>v.<br><br>Orange County Board of County Commissioners,<br><br>            Defendant. | No. CV-24-08007-PCT-DJH<br><br>**ORDER** |

Defendant Orange County Board of County Commissioners ("Defendant") has filed a Motion to Dismiss *Pro se* Plaintiff Joshua Crockett's ("Plaintiff") Amended Complaint (Doc. 19) under Federal Rule of Civil Procedure 12 for lack of personal jurisdiction, improper venue, and failure to state a claim. (Doc. 12).[1] For the reasons set forth below, the Court finds that it does not have personal jurisdiction over Defendant and must grant Defendant's Motion to Dismiss.

**I.   Background**

Defendant is the Board of County Commissioners for Orange County, a county in the state of Florida. Plaintiff states that he began as an on-call employee with Defendant at the Orange County Convention Center and was later promoted to a full-time "Security Representative." (Doc. 19 at 2). Plaintiff states that he has "long hair below his collar and on his shoulders in celebration of his race ('European') and national origin ('Chippewa Indian')." (*Id.*) Plaintiff states that his performance evaluations were satisfactory

---
[1] This matter is fully briefed. (Docs. 25; 29).

concerning his appearance for several years, but that when his white male manager was replaced by an African American male manager, Mr. Charles Young ("Mr. Young"), his appearance began to be a problem on his performance evaluations. (*Id*.)

Plaintiff states that on November 30, 2021, his manager told him that his "hair needs to be pulled back" in accordance with internal policies, but that this policy was never enforced because "Security Management had knowledge" that Plaintiff openly celebrated his Chippewa Heritage with his various hairstyles on the job. (*Id*. at 3). Plaintiff also alleges that women and employees of color were not mandated to comply with this grooming policy. (*Id*. at 4). Plaintiff also avers that Mr. Young spit in his face and harassed him about his hair via email. (*Id*.) Plaintiff states that he was terminated by Daniel Brady—a different manager who is a white male—for violating Defendant's grooming policy. (*Id*. at 10).

Plaintiff filed his initial Complaint (Doc. 1) against Defendant alleging various discrimination claims, to which Defendant filed a Motion to Dismiss. (Doc. 12). Before the Court could rule on Defendant's Motion, Plaintiff filed his Amended Complaint as a matter of course under "Rule 15.1(b)."[2] (Doc. 19). In his Amended Complaint, Plaintiff purports to bring claims under (1) Title VII of the Civil Rights Act of 1964, [42 U.S.C. §§ 12101 *et seq*.] ("Title VII") (2) the Americans with Disabilities Act [42 U.S.C. § 2000e] ("ADA"); and (3) 42 U.S.C. § 1981[3] ("Section 1981"). (Docs. 19 at 76; 25 at 10 n.3). For relief, Plaintiff seeks $9,300,000.00 in damages. (Doc. 19 at 76).

**II.   Discussion**

Defendant argues the Court should dismiss Plaintiff's Amended Complaint because (1) this Court lacks personal jurisdiction over Defendant under Rule 12(b)(2);[4] (2) this

---

[2] There is no Federal Rule "15.1(b)," but Rule 15(a)(1) outlines when a party may amend its pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

[3] Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

[4] All references to rules herein reference the Federal Rules of Civil Procedure, unless indicated otherwise.

- 2 -

Court is an improper venue to adjudicate this matter under Rule 12(b)(3); and (3) Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). (Doc. 22 at 5, 10–11). Defendant also argues that Plaintiff's Amended Complaint is improper as Plaintiff has failed to file a separate notice of filing and improperly incorporates his previous Complaint into his Amended Complaint, which violates Local Rule 15.1(b).[5] (*Id*. at 1).

As will be explained below, the Court finds it lacks personal jurisdiction over Defendant under Rule 12(b)(2), therefore, it will not address the merits of Defendant's arguments under Rules 12(b)(3) and (b)(6).

### A. Legal Standards

To render judgment against a defendant, a court must have personal jurisdiction over them. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Federal courts have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Arizona courts may exercise personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2. Due process requires "certain minimum contacts" such that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant is subject to a court's general jurisdiction where its activities in the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Id*. Specific jurisdiction, on the other hand, exists when the lawsuit

---

[5] Local Rule 15.1(b) requires a party who files an amended pleading as a matter of course to attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. LRCiv 15.1(b). Plaintiff admits that he "incorporates the totality of the text into each Count." (Doc. 25 at 1). He does attach his original Complaint to his Amended Complaint and strikes through some of the text, however. (*See e.g.*, Doc. 19 at 84).

- 3 -

"aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("*Hall*").

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citations omitted). If neither general nor specific jurisdiction is present, then the Court must dismiss Plaintiff's complaint. *See Total Seal, Inc. v. Performance Motorsports, Inc.*, 2009 WL 2762046, at *1 (D. Ariz. Aug. 28, 2009) (dismissing the action for lack of personal jurisdiction over the defendant).

### B. The Court Lacks Personal Jurisdiction Over Defendant

Defendant argues this Court lacks personal jurisdiction over Defendant because Plaintiff does not allege and cannot possibly allege facts that support general or specific personal jurisdiction. (Doc. 22 at 6). The Court agrees.

#### 1. General Jurisdiction

Defendant argues that the Court does not have general jurisdiction over it because it is a county in Florida and Plaintiff makes no allegations that Defendant "has had any contact with the forum state of Arizona, let alone enough to qualify as continuous and systematic." (Doc. 22 at 7). Plaintiff argues that the Court has "natural jurisdiction" over this case because "Defendant is unnatural and classified as a public agency" therefore Defendant is "subject to suit in any judicial district in relation to the Plaintiff's status as a natural Citizen of the United States of America and current domicile status which in this case is the State of Arizona." (Doc. 25 at 4). Not so.

General jurisdiction exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Daimler AG v. Bauman*, 571 U.S.

117, 126–27 (2014).   A federal court may exercise personal jurisdiction over a defendant consistent with due process only if the defendant has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Indeed, Plaintiff has not pled facts that allow the Court to assert jurisdiction over Defendant—as is his burden. *See Schwarzenegger*, 374 F.3d at 800.  Plaintiff alleges that he was the subject of "discrimination on the job in the role of Security Representative at the Orange County Convention Center" in Orange County, Florida.  (Doc. 19 at 3). Arizona appears only three times in Plaintiff's Amended Complaint: all of which state that he resides in Kingman, Arizona.  (*Id*. at 75, 77).  Importantly, Plaintiff does not allege that Defendant acted within the state of Arizona, much less that its actions within this state were "substantial" or "continuous and systematic."  *Daimler*, 571 U.S. at 126-27.  Thus, the Court concludes that it does not have general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction arises when a defendant's contacts with the forum give rise or relate to the claim in question.  *Hall*, 466 U.S. at 414–16.  "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum."  *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co*., 284 F.3d 1114, 1123 (9th Cir. 2002).  Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 359 (2021) (citation omitted). The contacts "must be the defendant's own choice" and "must show that the defendant deliberately reached out beyond its home." *Id*. (citations omitted).

Although Plaintiff states he is a resident of Arizona, Plaintiff does not allege any facts establishing that Defendant has contacts with the state of Arizona, much less a "substantial connection."  *See Glencore*, 284 F.3d at 1123.  Thus, the Court finds that it does not have specific jurisdiction over Defendant either.

## IV. Conclusion

Because the Court does not have general or specific jurisdiction over Defendant, the Court finds that Plaintiff has failed to meet his burden to prove that the Court has personal jurisdiction over Defendant. Therefore, it must dismiss Plaintiff's Amended Complaint under Rule 12(b)(2). *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("jurisdiction in [this] forum would deprive the defendant of due process of law"). The Court must also dismiss this case with prejudice as Plaintiff cannot cure this deficiency. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating that, unless it is "'absolutely clear' that [a plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give them the opportunity to do so). Finally, because the Court's lack of personal jurisdiction over Defendant is dispositive, it will not address Defendant's remaining arguments under Rules 12(b)(3) and (b)(6).

Accordingly,

**IT IS ORDERED** that Defendant's renewed Motion to Dismiss (Doc. 22) Plaintiff's Amended Complaint (Doc. 19) is **GRANTED**. The Clerk of the Court is kindly directed to enter judgment dismissing this case with prejudice and close this case.

**IT IS ALSO ORDERED** that Defendant's original Motion to Dismiss (Doc. 12) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Rule 16 Scheduling Conference set for May 9, 2024, is **VACATED**.

Dated this 3rd day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge